IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK NEFF,

                                OPINION and ORDER

        Petititoner,

                                  17-cv-476-bbc

   v.

LOUIS WILLIAMS II,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Mark Neff is a federal prisoner who was convicted in 1994 in the United States District Court for the Central District of Illinois for being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). He was sentenced as an armed career criminal under § 924(e)(1) based in part on a prior conviction for attempted burglary in New York in 1989. Dkt. #1. Petitioner is now incarcerated in this district at the Federal Correctional Institution in Oxford, Wisconsin. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in which he contends that the 1989 attempted burglary conviction can no longer be used to enhance his sentence in light of the recent decision in Mathis v. United States, 136 S. Ct. 2243, 2248-50 (2016). The Supreme Court held that a burglary counts as a predicate crime under the Armed Career Criminal Act only "if its elements are the same as, or narrower than, those of the generic offense." Earlier this year, petitioner filed a similar habeas petition in which he argued that Mathis prevented his 1984 conviction for burglary

1

in Illinois from being used to enhance his sentence, but I dismissed that petition because I found that Mathis did not apply retroactively. Neff v. United States, case no. 16-cv-749-bbc, dkt. #14 (Aug. 17, 2017). Petitioner's current petition must be dismissed for the same reason. Rule 4 of the Rules Governing Section 2254 Cases (court must dismiss petition if it plainly appears that petitioner not entitled to relief); 28 U.S.C. § 2243 (habeas court must award writ or order respondent to show cause why writ should not be granted, unless application makes it clear that petitioner is not entitled to relief). I will issue petitioner a certificate of appealability so that he may challenge my decision in the court of appeals if he chooses to.

OPINION

As I explained in my recent order dismissing petitioner's first petition, a federal prisoner challenging his conviction or sentence ordinarily must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255 in the district in which he was convicted. Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013). However, there is a limit to the number of collateral attacks a prisoner may bring, and petitioner has filed at least one § 2255 motion regarding his sentence. A second or successive collateral attack is permissible only if the court of appeals certifies that it rests on newly discovered evidence (which petitioner's does not) or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The Court of Appeals for the Seventh Circuit has held that arguments based on Mathis do not justify

2

successive collateral attacks and "must be brought, if at all, in a petition under 28 U.S.C. § 2241." Dawkins v. United States, 829 F.3d 549, 551 (7th Cir. 2016) (Mathis is new rule of statutory and not constitutional law).

Section § 2255(e) allows a federal prisoner to "petition under section 2241 instead if his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). To satisfy § 2255(e), a prisoner must show three things: (1) his petition is based on a rule of statutory law; (2) he is relying on a retroactive decision that he could not have invoked in his first § 2255 motion; and (3) the sentence enhancement must have been a grave enough error to be deemed a miscarriage of justice. Light v. Caraway, 761 F.3d 809, 812-13 (7th Cir. 2014); In re Davenport, 147 F.3d 605, 610-12 (7th Cir. 1998). Even though petitioner can satisfy the first requirement and may have a valid argument that his sentence enhancement violates the holding in Mathis, he cannot satisfy the second requirement related to retroactivity.

Contrary to other decisions the Supreme Court has reached concerning the Armed Career Criminal Act, the Court has not issued an express ruling finding Mathis retroactive. For example, in the year following its holding that residual clause of the Act was unconstitutional in Johnson v. United States, 135 S. Ct. 2551 (2015), it issued a ruling making it explicit that the holding applied retroactively to prior convictions that had been based on the residual clause. Welch v. United States,136 S. Ct. 1237 (2016).

In addition, the decision in Mathis does not meet the usual criteria for retroactivity. Instead of recognizing a new right that has been newly recognized by the Supreme Court and

3

made retroactively applicable to cases on collateral review, 28 U.S.C. § 2255(f)(3), the Court merely reaffirmed its 1990 holding in Taylor v. United States, 495 U.S. 575 (1990), that "a prior conviction cannot qualify as an [Armed Career Criminal Act] predicate if its elements are broader than those of a listed generic offense." Mathis, 136 S. Ct. at 2251. In other words, this is not an issue on which "new law has been made since the time of the appeal." Davis v. United States, 417 U.S. 333, 342 (1974) (holding that collateral relief from federal conviction is available when there is intervening change in substantive law). Instead, petitioner is raising an issue that has been settled since the Court decided Taylor, 27 years ago. Mathis, 136 S. Ct. at 2247 ("For more than 25 years, our decisions have held that the prior crime qualifies as an ACCA predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense."). Accordingly, I conclude that petitioner has no ground on which to argue that he is raising an issue of new law and that his motion for habeas corpus relief must be denied.

This conclusion seems straightforward, but the court of appeals' language in a recent case, Holt v. United States, 843 F.3d 720 (7th Cir. 2016), gives me pause. Holt filed a collateral attack on an old sentence imposed on him under the Armed Career Criminal Act, contending that the sentencing court had erred in attributing a prior burglary offense to him. His motion was denied, but shortly afterward the court of appeals found that the particular version of the burglary offense of the Illinois statutes at issue was not a violent felony "because it did not satisfy the definition of burglary used in Mathis" for indivisible statutes." Id. at 721 (citing United States v. Haney, 840 F.3d 472 (7th Cir. 2016)). After

supplemental briefing, the court of appeals concluded that the motion was petitioner's second collateral attack and could not be heard unless the court were to certify that it rested on newly discovered evidence or was "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that has previously been unavailable." § 2255(h)(2). The court of appeals added that "substantive decisions such as Mathis presumptively apply retroactively on collateral review," id. (citing Montgomery v. Louisiana, 136 S. Ct. 718 (2016); Davis, 417 U.S. 333 (1974)), but did not explain why it considered Mathis a new substantive rule of federal constitutional dimensions. Although the statements in Holt do not change my conclusion in petitioner's case, I will issue petitioner a certificate of appealability so that he may challenge my decision in the court of appeals if he chooses to.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). In this case, I cannot say that petitioner has failed to make a substantial showing of a denial of a constitutional right, so the certificate will issue.

5

ORDER

IT IS ORDERED that petitioner Mark Neff's petition for habeas corpus relief, dkt. #1, is DISMISSED. A certificate of appealability shall issue.

Entered this 22d day of August, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge